IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON L. MUSGRAVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 15-CV-347-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Petitioner Shannon L. Musgraves's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons set forth below, the motion is denied.

### BACKGROUND

**I.   Procedural Overview**

On July 29, 2014, Shannon L. Musgraves (represented by retained counsel Harry W. Anderson, III) pleaded guilty to Count One of the Indictment charging him with being a felon in possession of a firearm in violation of Title 18, United States Code, § 922(g)(1) (Doc. 27 in Case No. 14-cr-30102). In the plea agreement signed by Musgraves, he agreed to waive his appeal rights and admitted that his conducted violated 18 U.S.C. § 922(g)(1) (Doc. 28 in Case No. 14-cr-30102).

On November 10, 2014, the undersigned district judge sentenced Musgraves to forty-six months in prison, followed by two years of supervised release (Doc. 36 in Case No.

14-cr-30102). Judgment was entered that same day (Doc. 38 in Case No. 14-cr-30102). In accord with the plea agreement, Musgraves did not file a direct appeal.

On March 30, 2015, Musgraves filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). On April 2, 2015, after conducting a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court directed the Government to respond (Doc. 2). On April 30, 2015, the Government sought an extension of time to respond to the motion (Doc. 3), which the Court granted (Doc. 4). On June 3, 2015, the Government filed a response (Doc. 7). A few weeks later, Musgraves filed a reply (Doc. 9), and on July 1, 2015, the Government filed a sur-reply (Doc. 10). Musgraves also has filed a Motion for Immediate Release or, in the alternative, Reasonable Bail, in which he asks the Court to grant his 2255 motion and the requested relief or, in the alternative, to grant him reasonable bail (Doc. 8).

Musgrave presents several grounds for relief under § 2255:

(1) Ineffective assistance by defense counsel in failing to explain to Musgraves his appeal rights;

(2) Ineffective assistance by defense counsel for failing to object to the "improper handing down of the indictment;"

(3) Ineffective assistance by defense counsel for failing to investigate that the State of Illinois had fully restored Musgraves's civil rights;

(4) Ineffective assistance by defense counsel for failing to raise a jurisdictional claim against the district court; and

(5) Ineffective assistance by defense counsel for failing to object to an incorrect criminal history category and score.

### PRELIMINARY MATTERS

On May 11, 2015, the Court received an objection to the Government's Motion for

Extension of Time to Respond to the 2255 filed by Musgraves (Doc. 5). This document is dated May 6, 2015, which is two days *after* the Court had granted the Government's Motion for Extension of Time. Accordingly, the objection is moot. Musgraves later filed a Motion for Immediate Release or, in the alternative, Reasonable Bail, in which he asks the Court to grant his § 2255 motion and the requested relief or, in the alternative, to grant him reasonable bail based on the Government's failure to respond to the § 2255 motion within the initial deadline set by the Court (Doc. 8). Because the Court granted the Government's request for an extension of time on May 4, 2015, this motion is denied.

## APPLICABLE LAW

I. **Relief under § 2255**

Title 28, Section 2255 of the United States Code requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. The "in custody" requirement of the statute does not prevent claims to be brought by petitioners who have now served their sentences but previously filed their motions while still in custody. *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (holding that petitioner was still entitled to have the merits of his claim considered after his sentence expired because petitioner could still be "bear[ing] the consequences of assertedly unlawful conviction").

Habeas corpus relief under § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *see also Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). A petitioner can meet the threshold requirement of an extraordinary situation by demonstrating an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake*,

723 F.3d at 878-79 (citations omitted). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)).

## II.     Evidentiary Hearing

An evidentiary hearing for a 28 U.S.C. § 2255 motion is only granted when "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F. 3d 1063, 1067 (7th Cir. 2006). But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a hearing is not required. *Id*. Allegations that are "vague, conclusory, or palpably incredible rather than detailed and specific" do not warrant a hearing. *Bruce v. United States*, 256 F.3d 592, at 597 (7th Cir. 2001). Likewise, "mere speculation" does not warrant an evidentiary hearing, as the petitioner "must file [a] detailed and specific affidavit showing he has actual proof of allegations he is making." *Miller v. United States*, 183 F. App'x 571, 578 (7th Cir. 2006). For evidentiary hearing consideration, the Seventh Circuit requires a motion made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo*, 467 F.3d at 1067. An affidavit accompanying the motion is a threshold requirement; "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the motion and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, at 819 (7th Cir. 1996).

Musgraves has not requested an evidentiary hearing, and the Court finds that a hearing is not warranted. Even accepting Musgraves's version of the facts as true, the

evidence and record do not support a finding that counsel fell below an objective standard of reasonableness in his representation or that Musgraves was unduly prejudiced. Because the record in this case conclusively shows Musgraves is not entitled to any relief, the issues can be resolved without a hearing.

### III.     Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised in a § 2255 motion because it implicates the Sixth Amendment, which provides criminal defendants the right to counsel. U.S. CONST. amend. VI. Generally speaking, counsel is ineffective when his or her conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This Circuit has held that ineffective assistance of counsel claims are "best addressed through a motion in collateral proceeding pursuant to § 2255 because the trial record is not developed precisely for the object of litigating or preserving the claim." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quotation and citation omitted).

"To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in *Strickland*." *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). The petitioner must show that counsel's performance was deficient, "meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688); *see also Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.") (quoting *Harrington v. Richter*, 562 U.S. 86, 88

(2011)).

A petitioner also must show that "counsel's deficient performance prejudiced him, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688). When challenging a sentence, "a petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence." *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) (citing *Strickland,* 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence" in the sentence. *Taylor v. Bradley*, 448 F.3d 942, 950 (7th Cir. 2006). It is not enough to show that the errors possibly had "some conceivable effect" on the sentence. *Strickland*, 466 U.S. at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010)); *see also Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006) ("[A] party bears a heavy burden in making a winning claim based on ineffective assistance of counsel."); *Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987) (explaining that "few petitioners" are expected to be able to pass through the "eye of the needle created by *Strickland*").

The Court may address the elements of the *Strickland* test "in whichever order is most expedient." *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009); *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") A petitioner's "failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citing *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990)).

## ANALYSIS

I. **Ineffective Assistance of Counsel for Failure to Explain Appeal Rights**

Musgraves argues that defense counsel did not explain his appeal rights to him. This claim is belied by the written plea agreement, which was signed by Musgraves on July 29, 2014, in which Musgraves indicated that he voluntarily waives his right to appeal with limited exceptions (Doc. 28 in Case No. 14-cr-30102). Courts will enforce the appellate waiver in a plea agreement "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *See United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). The Court recalls that at the change of plea hearing held on July 29, 2014, Musgraves stated that he read the plea agreement with his attorney before he signed it and that he was satisfied with his attorney's representation of him. Additionally, this Court's statement during sentencing as to his appellate rights advised Musgraves (as the undersigned always does) as to his right to appeal, and Musgraves responded that he understood. "[A] defendant is normally bound by the representations he makes to a court during the colloquy." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). Thus, Musgraves is not entitled to relief based on his argument that counsel failed to explain to him his appeal rights.

Musgraves also argues that counsel was ineffective for failing to file an *Anders* brief. An *Anders* brief is a procedure for a criminal defense attorney who concludes that there are no non-frivolous arguments available for the defendant on appeal. *Miller v. Smith*, 765 F.3d 754, 764 n. 1 (7th Cir. 2014). For example, if a defendant directs counsel to file an appeal that counsel believes is "wholly frivolous," counsel must move to withdraw and include in the motion "a brief referring to anything in the record that might arguably support the appeal."

*Anders v. California*, 386 U.S. 738, 744 (1967). Musgraves has not demonstrated that he ever directed defense counsel to appeal. Because there was no appeal, there was no opportunity for defense counsel to file an *Anders* brief. Thus, Musgraves is not entitled to relief based on his argument that defense counsel failed to file an *Anders* brief.

II. **Ineffective Assistance of Counsel for Failure to Object to the Improper Handing Down of the Indictment**

Musgraves argues that defense counsel was ineffective by failing to object to the Indictment as it was handed down in violation of Federal Rule of Criminal Procedure 6(c) and (f). Specifically, Musgraves argues that the Indictment did not recite that the Grand Jury was convened on a regular term of the District Court or that it was a true bill, filed in open court. Musgraves requests that the Court conduct an *in camera* review of the Indictment in his underlying criminal case and "make a finding of whether the indictment was returned properly against Petitioner pursuant to Rule 6(c), and in addition, require the Clerk to produce proof that the indictment was returned in open court." (Doc. 1, p. 5). Musgraves also "moves this court to make a finding as to whether at least twelve jurors concurred in the return of the indictment." (*Id.*).

The Indictment was signed by the grand juror who was appointed as the foreperson and then filed in open court (Doc. 1 in Case No. 14-cr-30102), as required by Rule 6. If the grand jury lacks the concurrence of twelve jurors on the grand jury, then the foreperson must indicate as much in writing. Here, no such writing exists to show that this lack of concurrence existed. While the foreperson's name is redacted on the Indictment, this is a routine security measure taken to eliminate the risks inherent in publicly posting court documents. The Court has viewed the unredacted version and notes that it is in fact signed

by the foreperson. Because Musgraves has not offered any evidence indicating that these rules were not complied with, the Court finds no basis for his claim of ineffective assistance of counsel on these grounds. *See, e.g., Samas v. United States*, No. 3:12-cv-00151(VLB), 2014 WL 1653219, at *9 (D. Conn. Apr. 23, 2014) (rejecting the petitioner's similar claims on similar grounds).

**III.      Ineffective Assistance of Counsel for Failure to Investigate that the State of Illinois Had Fully Restored Musgraves's Civil Rights**

Musgraves also claims that his counsel was ineffective by failing to investigate whether the State of Illinois had fully restored his civil rights. Specifically, Musgraves asserts that his rights were restored back to him once he completed his state conviction. The Court presumes he is referring to his status as a felon, which was an element of the crime of felon in possession of a firearm. Thus, according to Musgraves, the Court could not use his state court felony of first degree murder as the predicate offense for his felon in possession charge and thus he could not be found guilty of this charge. Musgraves relies heavily on the Seventh Circuit's decision in *Buchmeier v. United States,* 581 F.3d 561 (7th Cir. 2009) to support his argument (*See* Doc. 8, p. 6).

In *Buchmeier*, the Court found for the defendant because the Illinois Department of Corrections ("IDOC") letter that was given to the defendant after his term of imprisonment was served was so poorly worded that the defendant could have inferred his civil rights (including his right to possess a firearm) had been completely restored. *Buchmeier,* 581 F.3d at 567. Musgraves has not presented any letter indicating that his civil rights had been restored,[1] nor does he indicate that he took any steps to restore his right to possess a firearm.

---

[1] Musgraves does not even clearly say that he actually *received* such a letter following his imprisonment on his

The only thing he attaches to his motion is his voter's registration card (Doc. 1, p. 16; Doc. 9, p. 14).

Moreover, in his plea agreement and stipulations of fact pertaining to the plea, Musgraves stipulated that he had a felony conviction, and he is bound by that stipulation (Doc. 28 and Doc. 29, p. 2 in Case No. 14-cr-30102). *See Montgomery v. United States*, No. 10-0356-DRH, 2012 WL 2133520, at *7 (S.D. Ill. Jun. 12, 2012). As to Musgraves's argument that federal law conflicts with state law, the Court notes that the State of Illinois also forbids felons to possess firearms. *See* 720 ILCS 5-24 1.1(a). The Court finds that Musgraves's claim that defense counsel was ineffective for failing to investigate whether his civil rights were restored fails.

## IV.   Ineffective Assistance of Counsel for Failure to Raise a Jurisdictional Claim

Musgraves claims that defense counsel was ineffective by failing to argue that the Court does not have subject matter jurisdiction over the case. Specifically, Musgraves argues that the federal government cannot put limitations on his Second Amendment rights. The Supreme Court has held, however, that restrictions against felons in possessing firearms do not violate the Second Amendment. *Dist. of Columbia v. Heller*, 554 U.S. 570, 626 (2008). The Seventh Circuit also has repeatedly found that the felon in possession statute is constitutional. *United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003) ("A basic problem with [the defendant's] argument is that we have previously found [the felon-in-possession

---

first degree murder charge. He merely points to *Buchmeier* and leaves us to presume that the IDOC sent him the exact same letter that the defendant *Buchmeier* received, roughly fourteen years apart. The Court will not rely on this presumption. *See United States v. Swims*, 506 F. App'x 520, 522 (7th Cir. 2013) ("the IDOC letter [the defendant] received [in 2004] did not . . . tell him that 'all' of his civil rights were restored."); *see also United States v. Burnett*, 641 F.3d 894, 897 (7th Cir. 2011) (noting that the letter modified by Illinois in March 2004 "did not tell the ex-prisoner that he now enjoys the 'big three' civil rights' . . . which took it outside the scope of § 921(a)(20)").

statute] to be constitutional."). Lastly, the Indictment against Musgraves explicitly states a violation of federal criminal law, 18 U.S.C. § 922(g)(1), and district courts have jurisdiction over all federal prosecutions. Thus, Musgraves's claim that counsel was ineffective for failing to argue that the Court lacked subject matter jurisdiction also fails.

V.      **Ineffective Assistance of Counsel for Failure to Object to an Incorrect Criminal History Level and Score**

Lastly, Musgraves argues that counsel was ineffective for failing to object to the Presentence Report ("PSR") noting an incorrect base offense level and criminal history score. Specifically, Musgraves argues that, because he only had one prior felony offense, the base offense level should have been 20 instead of 24, and his criminal history score should have been Category II instead of Category III. Contrary to his assertions, however, the PSR correctly determined that Musgraves had a base offense level of 24 due to the fact that he had *two* prior felony convictions of a crime of violence: murder and domestic battery (Doc. 31, p. 5 in Case No. 14-cr-30102). As to his argument relating to his criminal history score, Musgraves sets forth no basis for this argument. Nonetheless, his criminal history computation appears to be correct. Musgraves received three criminal history points for his murder conviction because he received a sentence of imprisonment that exceeded one year and one month pursuant to U.S.S.G. § 4A1.1(a) (Doc. 31, p. 6). Musgraves also received one point each for his harassment by telephone conviction and his domestic battery conviction because his sentences were less than 60 days pursuant to U.S.S.G. § 4A1.1(c) (Doc. 31, p. 6-7). This amounted to a criminal history score of five, which placed him in a criminal history category of III pursuant to U.S.S.G. § 5 Pt. A. Thus, this argument fails as well. The failure of defense counsel to set forth a frivolous objection cannot constitute ineffective

assistance of counsel.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.

A petitioner's right to appeal a district court's denial of a § 2255 motion is not absolute; it depends on whether the district court grants a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A certificate of appealability is warranted only where (1) a petitioner shows that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, *and* (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court can discern no reason why any jurists, reasonable or otherwise, would debate or disagree with the ruling that Musgraves's ineffective assistance of counsel claims fail. Therefore, the Court declines to issue a certificate of appealability.

### CONCLUSION

Accordingly, the Court **DENIES** Musgraves's § 2255 Motion (Doc. 1). The Court also **DENIES** Musgraves's Motion for Immediate Release or, in the alternative, Reasonable Bail (Doc. 8). The Court **DECLINES** to certify any issues for appeal. The case is **CLOSED**, and Judgment will be entered accordingly.

If Musgraves wishes to appeal this denial of his 2255 motion, he may file a notice of appeal with this court within 60 days after the date the order was entered. FED. R. APP. P. 4(a)(1)(B). The Court may extend the time to file a notice of appeal, but only if "a party so

moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and … that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5).

A motion for leave to appeal *in forma pauperis* should set forth the issues Musgraves plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Musgraves does choose to appeal, and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Musgraves is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion *may* toll the 60-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

Musgraves cannot take an appeal unless a circuit justice or judge issues a certificate of appealability under 28 U.S.C. § 2253(c). Here, the undersigned has already declined to issue a certificate of appealability. Thus, Musgraves must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

DATED:   March 16, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**